CYRUS CHENERY, Administrator, *vs.* NANCY J. DAVIS.

An administrator who, before the death of his intestate, contracted with him for the pur-
chase of certain real estate at a price agreed upon, took a bond for a conveyance upon
payment of the purchase money, and caused it to be recorded, entered into possession,
and made from time to time payments on account of interest and principal of the
purchase money, has included in his inventory of the estate of the deceased the amount
of the agreed price and interest remaining unpaid, and to whom the heirs are ready to
convey on payment thereof, is bound to charge himself with such amount in his admin-
istration account.

MERRICK, J.   This is an appeal from a decree of the judge of
probate, requiring the appellant to charge himself in his account
of administration with the amount of his alleged indebtedness
to the intestate.   From the report of facts disclosed upon the
trial, it appears that on the 12th of March 1846 the parties
mutually contracted with each other that the intestate should
sell, and that the appellant should purchase, at a stipulated price
certain real estate situated in Holden in this county; and that
on the same day the intestate, by his bond duly made, exe-
cuted and delivered, bound and obligated himself, his heirs, exe-
cutors and administrators, upon the payment of said price to
him, to give and convey said estate to the appellant, who there-
upon, in pursuance and performance of said contract, immedi-
ately entered upon and took possession of said real estate, and
has ever since had the sole and exclusive use, occupa-
tion and enjoyment thereof.   He also caused and procured
the bond, thus taken by him, to be recorded in the registry of
deeds for the county, and from time to time paid the interest
which became due on the sum he had stipulated to pay for the
estate, and also made partial payments towards and in satisfac-
tion of the principal.   By his acceptance of this bond, and by
his taking possession of the estate and claiming to hold it under
the contract, and by retaining possession and receiving all the
rents and profits to his own use, he assumed upon himself the
obligation of paying for the estate according to the terms and
stipulations contained and expressed in the bond, and thereby
became indebted to the intestate for the sum of money which

the parties had mutually agreed upon as the price of the estate. Thaddeus Chenery, the obligor, afterwards died, and the appellant was duly appointed administrator of his estate, and took upon himself that trust. In discharge of the duty which thereby devolved upon him he made and filed in the probate office an inventory of the estate of the intestate, including in it as one of the debts due to him the balance of the stipulated price of said real estate, according to the terms and provisions of the bond, which then remained unpaid. This was equivalent to, and operated in law as, a payment of the debt, the amount of which became thereby assets in his hands as administrator. *Ipswich Manuf. Co.* v. *Story,* 5 Met. 313. As a consequence of this he was entitled to a specific performance of the contract made by him and Thaddeus Chenery, and could have enforced a conveyance of the said real estate to himself by a bill in equity for that purpose, if the heirs at law had upon request refused or neglected to grant and release to him their right, title and interest in it. No such proceeding need now be resorted to, because they have voluntarily by their deed duly tendered to the appellant, and filed in the clerk's office for his use and acceptance, released and quitclaimed to him all their right and interest in the estate.

It is objected by the appellant that this deed thus tendered to him by the heirs at law is not a sufficient compliance with the condition and obligation of the bond, inasmuch as it does not in terms expressly release, acquit and discharge him from all claim on their part for the rents and profits which have accrued and been received by him since the decease of the intestate. And it was suggested in the argument that they have in fact commenced and are now prosecuting a suit against him for the recovery of such rents and profits. But admitting this to be so, the objection cannot be sustained. From the time of his entering upon the estate the appellant has constantly held and occupied it in pursuance of the contract of sale and under a claim of title. This is now confirmed and perfected by a deed of conveyance from the heirs at law, whereby he has become the absolute owner of the premises in fee. The payment by

him, on the one part, of the stipulated consideration, and the release and conveyance of the estate by them, on the other, is an entire performance of the contract, and nothing further remains to be done. No action therefore, or process of any kind, can be maintained against him by the heirs at law, either for any part of the estate, or for any portion of the rents and profits which he has received. It is a necessary consequence from this conclusion that the appellant should stand charged in his administration account with the balance of his indebtedness on account of the purchase of said estate; and the decree of the judge of probate by which this is required was correct.

Costs in cases of appeal from the court of probate are not generally allowed, but only when for special reasons it appears just and proper that they should be. We see none in the present case, and therefore no costs are to be taxed by either party.

*Decree affirmed.*

*P. C. Bacon & E. B. Stoddard*, for the appellant.

*T. L. Nelson*, for the appellee.